UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN ANTHONY FERRARA,

                              Plaintiff,           Case # 19-CV-6917-FPG

v.                                                     DECISION AND ORDER

ADAM BELLO, et al.,

                              Defendants.

## INTRODUCTION

*Pro se* Plaintiff John Anthony Ferrara filed this action seeking review of his state court foreclosure[1] action and enforcement of a related subpoena against Adam Bello, Monroe County Clerk; Michael Pattison, Esq. and Michael C. Nayar, Esq., attorneys for U.S. Bank Trust; Referee Jaya K. Madhaven; and Justices Daniel J. Doyle and J. Scott Odorisi (collectively "Defendants"). ECF No. 1. Plaintiff also filed an *in forma pauperis* motion and a motion for a stay of his foreclosure action. ECF Nos. 2, 3. For the reasons that follow, Plaintiff's Complaint is dismissed.

## BACKGROUND

According to the Complaint and attached documents, on March 16, 2017, Plaintiff received a Notice of Foreclosure on his property from Monroe County Supreme Court. ECF No. 1 at 9. The notice also set a settlement conference for April 18, 2017 before Referee Jaya K. Madhaven, which Plaintiff attended. *See id.* at 9, 16.

On March 12, 2018, Justice Daniel J. Doyle of Monroe County Supreme Court held a motion hearing on U.S. Bank Trust's motion for summary judgment in the foreclosure action, at which Plaintiff proceeded *pro se*. ECF No. 1 at 12-23. Plaintiff could not provide a cognizable

---

[1] According to the Complaint, U.S. Bank Trust NA, as Trustee for LSF9 Master Participation Trust (hereinafter "U.S. Bank Trust") brought a foreclosure action against Plaintiff. ECF No. 1 at 12.

1

defense to the motion because he did not submit any information challenging U.S. Bank Trust's claim that Plaintiff was in default on his mortgage. *Id.* at 15, 17, 18-19. Plaintiff asked that his foreclosure action proceed to discovery so he could find out who had the original promissory note on his mortgage. *Id.* at 14. He argued that U.S. Bank Trust did not have standing to commence foreclosure because it did not hold the original promissory note. *See id.* at 15. In support of his argument, Plaintiff provided two letters which allegedly showed that both Bank of America and Freddie Mac held the promissory note. *See id.* at 10, 11. Justice Doyle held that U.S. Bank Trust had standing and granted its motion for summary judgment. ECF No. 1 at 17, 20.

In December 2019, Plaintiff brought the present action. Although he ostensibly brings claims against several defendants related to the foreclosure action, the only relief he seeks is for the Court to (1) enforce a subpoena that may have been issued by Monroe County Supreme Court, and (2) review the disposition of the state-court foreclosure action. *Id.* at 6, 7, 8. In other words, he essentially asks the Court to inject itself into the foreclosure action and set it aside.

## DISCUSSION

"Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or that the court lacks jurisdiction over the matter." *Paige v. City of New York*, No. 10–CV–5469 (SLT)(RER), 2011 WL 3701923, at *2 (E.D.N.Y. Aug. 23, 2011) (citing *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000)). Additionally, where, as here, defendants have judicial immunity, courts have *sua sponte* dismissed complaints. *Koltun v. Berry*, No. 13 Civ. 1612(PAC)(JCF), 2013 WL 3816611, at *2 (S.D.N.Y. July 19, 2013) ("In particular, a claim may be dismissed *sua sponte* if the defendant is entitled to judicial immunity." (internal quotation omitted)). Because the Court both lacks the jurisdiction to grant the relief Plaintiff requests and some defendants have judicial immunity, Plaintiff's Complaint is dismissed *sua sponte*.

**I.     Lack of Jurisdiction**

Plaintiff asks the Court to (1) enforce a subpoena that may have been issued by Monroe County Supreme Court, and (2) review the disposition of the state-court foreclosure action. This Court lacks jurisdiction to grant either request for relief.

"The proper method to seek enforcement of a subpoena is to return to the court on whose behalf the subpoena was issued and seek an appropriate enforcement order." *Torres v. Howell*, No. 3:03CV2227(MRK), 2004 WL 2901539, at *4 (D. Conn. Dec. 6, 2004). Plaintiff writes in his Complaint that he "want[s] the Court to use my subpoena duces tecum to provide all original signature documents . . . ." ECF No. 1 at 5, 6, 7. Even assuming that Plaintiff is referring to a Monroe County Supreme Court subpoena,[2] this Court has no jurisdiction to enforce it because this Court did not issue the subpoena.

Neither can the Court review the decision of a New York State Supreme Court. Under the *Rooker-Feldman* doctrine, federal district courts are precluded from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

For the *Rooker-Feldman* doctrine to bar a federal court action, the Second Circuit has explained that four requirements must be met. First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. And fourth,

---

[2] Plaintiff does not provide a copy of the subpoena. He may be referring to a document he "served" on certain defendants that has no legal force or effect because it was not issued by an officer of the court. *See* N.Y. C.P.L.R. 2302 (McKinney 2011) (stating who may issue subpoenas in New York State courts).

the state court judgment must have been rendered before the district court proceedings commenced. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Here, Plaintiff asks the Court to grant relief in the form of "my property that I have $500,000 invested in" and "marketable title" to that property. ECF No. 1 at 8. To grant such relief would require the Court to review and overturn the decision of the Monroe County Supreme Court granting summary judgment to U.S. Bank Trust and signing an order of reference in Plaintiff's foreclosure action. Plaintiff therefore has lost in state court, is complaining of an injury incurred by a previously rendered state-court judgment, and is inviting this district court to review and reject that judgment. Thus, Plaintiff's federal action is barred by the *Rooker-Feldman* doctrine. *Talley v. LoanCare Servicing, Div. of FNF*, No. 15-CV-5017 (JMA) (AKT), 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (applying *Rooker-Feldman* doctrine to bar federal court action on plaintiffs' state court foreclosure proceeding); *see generally Webster v. Penzetta*, 458 F. App'x 23, 25 (2d Cir. 2012) (summary order) ("The district court correctly applied the *Rooker-Feldman* doctrine in holding that it lacked subject matter jurisdiction over the claims in the complaint that effectively sought federal court review of a previous state court judgment of foreclosure.").

Moreover, to the extent Plaintiff seeks to bring claims against Michael Pattison Esq., and Michael C. Nayar, Esq. alleging fraud and lack of standing in obtaining the foreclosure judgment in their client's favor, those claims are also barred by the *Rooker-Feldman* doctrine. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("Vossbrinck alleges that Defendants engaged in fraud during the foreclosure action by (1) misrepresenting that they had standing to seek foreclosure, when in fact Accredited was not the holder of Vossbrinck's note and mortgage . . . and (2) submitting fraudulent title documents in the state action. To the extent Vossbrinck asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars Vossbrinck's claim.").

The Court lacks jurisdiction to grant any of the relief Plaintiff requests.

## II. Judicial Immunity

Even if the Court could grant the requested relief, the Monroe County Supreme Court Justices, Referee, and Clerk Plaintiff names as defendants cannot be sued because they have judicial immunity.

### A. Justices Doyle and Odorisi

Plaintiff makes broad and unspecified claims of due process and "oath of office" violations against Justice Daniel J. Doyle. ECF No. 1 at 5. He claims that Justice Doyle denied his "motion for discovery" and his request for a subpoena for the original signature documents. *Id.* Plaintiff further claims that Justice Odorisi allegedly refused to allow Plaintiff to call his former lawyer during a November 26, 2019 proceeding. *Id.* at 6.

"Judges are immune from suit for exercising their judicial authority." *Patterson v. Rodgers*, 708 F. Supp. 2d 225, 234 (D. Conn. Apr. 28, 2010). Deciding a motion and whether to issue a subpoena are clearly acts performed within Justice Doyle's judicial authority. *See Maki v. New York*, No. 3:13-CV-1118 (GTS/DEP), 2014 WL 791805, at *6 (N.D.N.Y. Feb. 24, 2014) (finding state court judges had judicial immunity preventing federal action against them for affirming another judge's summary judgment decision); *Fariello v. Campbell*, 860 F. Supp. 54, 69 (E.D.N.Y. 1994). Accordingly, Justice Doyle is immune from suit.

Plaintiff's claims against Justice Odorisi amount to complaints of his handling of a court proceeding, which is clearly an act within Justice Odorisi's judicial authority. *See generally Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-CV-2764 (NGG), 2008 WL 2965435, at *3 (E.D.N.Y. Aug. 1, 2008) (judges' handlings of eviction proceedings were "clearly judicial acts performed within their judicial capacities"). Accordingly, Justice Odorisi is immune from suit.

### B. Clerk Bello and Referee Madhaven

"Absolute judicial immunity has not been limited to judges." *Maki*, 2014 WL 791805, at *6. Court clerks also enjoy judicial immunity where their acts are of a judicial nature." *Id.* (internal quotation omitted).

Here, it is unclear what claims Plaintiff brings specifically against Clerk Bello. However, based on the relief requested, the Court can only assume Plaintiff takes issue with Clerk Bello's alleged failure to issue a subpoena. As issuing subpoenas is an act judicial in nature, Clerk Bello is immune from suit. *See Fariello*, 860 F. Supp. 54 at 69 ("[T]he so ordering of the subpoenas is a judicial act: it is an act normally done by a judge . . . .").

Furthermore, "[t]he law is clear that court referees are entitled to absolute judicial immunity from liability with respect to acts taken in the scope of their duties." *Khrapko v. Splain*, 389 F. Supp. 3d 199, 205 (W.D.N.Y. 2019). Plaintiff alleges that at the settlement conference in his foreclosure action, Referee Madhaven said he would assist Plaintiff in obtaining a better plan for re-payment of his mortgage. ECF No. 1 at 5. However, according to Plaintiff, Referee Madhaven was unhelpful because the contract he suggested Plaintiff sign with Caliber Home Loans would not have resulted in a reduced payment for Plaintiff. *Id.*

"Nonjudicial officers, such as referees, are entitled to absolute immunity when their duties 'have an integral relationship with the judicial process.'" *In Re Bucksin Realty Inc.*, No. 1-13-40083-nhl, 2016 WL 5360750, at *12 (E.D.N.Y. Sept. 23, 2016) (quoting *Green v. Kadilac Mortg. Bankers, Ltd.*, 936 F. Supp. 108, 115 (S.D.N.Y. 1996)). "It is only when they act in the clear absence of all jurisdiction that they lose their immunity." *Id.* (internal quotation omitted). A fair reading of the events Plaintiff describes indicates that Referee Madhaven was clearly acting within the scope of his duties which had an integral relationship to the judicial process. Accordingly, Referee Madhaven is immune from suit.

**III.     Plaintiff's Motion for a Stay**

Plaintiff filed a motion on January 15, 2020 seeking an order of the Court "suspending, modifying, restoring, or granting an[] injunction while appeal is pending" to stop the auction of his property. ECF No. 3 at 1-2. Pursuant to the attached Notice of Sale in Foreclosure, Plaintiff's judgment of foreclosure was entered on December 11, 2019 and his property at 24 Neuchatel Lane, Fairport, NY 14450 is set to be auctioned off on January 30, 2020.

Plaintiff seeks a stay of the auction until his appeal is heard pursuant to "Rule 8(c)." ECF No. 3 at 2. The Court presumes Plaintiff is referring to Rule 8(a)[3] of the Federal Rules of Appellate Procedure which provides for stays or injunctions pending appeal. Fed. R. App. P. 8. However, Rule 8 only governs appeals from federal district courts to the Circuit Courts of Appeal. *See* Fed. R. App. P. 8(a)(2); *In re Barrier*, 776 F.2d 1298, 1299 (5th Cir. 1985); *Santa Fe Cmty. Hous. Tr. v. Maes*, No. CIV 18-0054 RB/KBM, 2019 WL 2270547, at *2 n.2 (D. N.M. May 28, 2019).

Regardless, this Court lacks jurisdiction to hear Plaintiff's claims and so cannot order a stay. Accordingly, Plaintiff's motion (ECF No. 3) is DENIED.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint is dismissed *sua sponte*. Plaintiff's *in forma pauperis* motion (ECF No. 2) is DENIED AS MOOT. Plaintiff's motion for a stay pending appeal (ECF No. 3) is DENIED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: January 22, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[3] Federal Rule of Appellate Procedure 8(c) refers to stays in criminal cases and is thus inapplicable here.

7